UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) Case. No.: 2:24-cr-00099 <br> THEODORE BLAND, and ) <br> JUSTIN DOUGLASS, ) <br> Defendants ) | |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

Between on or about September 7, 2023, and on or about October 15, 2023, the defendants, THEODORE BLAND, JUSTIN DOUGLASS, and others known and unknown to the Grand Jury, knowingly and willfully conspired to distribute cocaine base and fentanyl, both Schedule II controlled substances.

THEODORE BLAND's conduct as a member of the conspiracy, including the reasonably foreseeable conduct of other members of the conspiracy, involved 28 grams or more of mixture and substance containing cocaine base.

(21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), 841(b)(1)(C))

## COUNT TWO

On or about October 12, 2023, in the District of Vermont, the defendant, THEODORE BLAND, knowingly and intentionally possessed with intent to distribute cocaine base and fentanyl, both Schedule II controlled substances.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT THREE

Between on or about September 7, 2023, and on or about October 15, 2023, in the District of Vermont, the defendant, THEODORE BLAND, knowingly used and carried a firearm during and in relation to, and possessed firearms in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the offenses charged in Counts One and Two.

During the commission of the above-described offense, on October 12, 2023, in the District of Vermont, THEODORE BLAND discharged a firearm.

(18 U.S.C. § 924(c)(1)(A)(i) & (iii))

## COUNT FOUR

On or about October 12, 2023, in the District of Vermont, the defendant, THEODORE BLAND, knowingly used, carried, and discharged a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a Court of the United States, namely, the offenses charged in Counts One and Two.

During the commission of the above-described offense, on October 12, 2023, in the District of Vermont, THEODORE BLAND caused the death of J.S. through the use of a firearm, which killing was a murder as defined in Title 18, United States Code 1111, in that the defendant with malice aforethought, unlawfully killed J.S. by shooting him with a firearm.

(18 U.S.C. §§ 924(c)(1)(A)(i)&(iii), 924(j), 1111)

## COUNT FIVE

On or about October 12, 2023, in the District of Vermont, the defendant, THEODORE BLAND, knowingly used, carried, and discharged a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the offense charged in Counts One and Two.

During the commission of the above-described offense, on October 12, 2023, in the District of Vermont, THEODORE BLAND caused the death of E.W. through the use of a firearm, which killing was a murder as defined in Title 18, United States Code 1111, in that the defendant with malice aforethought, unlawfully killed E.W. by shooting him with a firearm.

(18 U.S.C. §§ 924(c)(1)(A)(i)&(iii), 924(j), 1111)

## COUNT SIX

On or about October 14, 2023, in the District of Vermont, the defendant, THEODORE BLAND, knowingly and intentionally possessed with the intent to distribute cocaine base and fentanyl, both Schedule II controlled substances.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

6

## COUNT SEVEN

On or about October 14, 2023, in the District of Vermont, the defendant, THEODORE BLAND, knowingly used and carried a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the offense charged in Count Six.

(18 U.S.C. § 924(c)(1)(A)(i))

## COUNT EIGHT

In or about October 2023, in the District of Vermont and elsewhere, the defendant THEODORE BLAND, and others known and unknown, knowingly and willfully conspired to use and carry firearms during and in relation to, and to possess firearms in furtherance of, a drug trafficking crime for which they may be prosecuted in a Court of the United States, namely the offense in Count One, in violation of Title 18, United States Code, Section 924(c).

(18 U.S.C. § 924(o))

Notice of Special Findings Pursuant to 18 U.S.C. §§ 3591 and 3592

The allegations of Counts Four and Five of this Second Superseding Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

1. As to Counts Four and Five, the Grand Jury finds the defendant THEODORE BLAND,

    a. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

    b. Intentionally killed the victims J.S. and E.W. (18 U.S.C. § 3591(a)(2)(A));

    c. Intentionally inflicted serious bodily injury that resulted in the death of the victims J.S. and E.W. (18 U.S.C. § 3591(a)(2)(B));

    d. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than the participant in the offense, and the victims J.S. and E.W. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    e. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant of the offense, such that participation in the act constituted a reckless disregard for human life and the victims J.S. and E.W. died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(D));

    f. Was previously convicted of a Federal or State offense, punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm against another person. (18 U.S.C. § 3592(c)(2));

9

    g. Committed the offenses in the expectation of the receipt of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

    h. Intentionally killed more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

2. As to Count Four, the Grand Jury finds the defendant THEODORE BLAND, committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6)).

(18 U.S.C. §§ 3591 & 3592)

A TRUE BILL



FOREPERSON

MICHAEL P. DRESCHER
First Assistant United States Attorney

JONATHAN A. OPHARDT
Assistant United States Attorney
Chief, Criminal Division

JASON TURNER
Assistant United States Attorney
Burlington, Vermont
November 18, 2025

10