UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case no. 2:24-cr-00099-1 |
| | ) | |
| THEODORE BLAND, | ) | |
| Defendant. | ) | |

## <u>NOTICE OF INTENT TO SEEK THE DEATH PENALTY</u>

The United States of America, by and through its undersigned counsel and pursuant to 18 U.S.C. § 3593(a), notifies the Court and defendant THEODORE BLAND that the United States believes the circumstances in Counts Four and Five of the Second Superseding Indictment are such that, in the event of a conviction, a sentence of death is justified under 18 U.S.C. §§ 3591-3598, and that the United States will seek the sentence of death for the offenses: Discharge of a Firearm in Relation to a Drug Trafficking Crime Resulting in Death (Counts Four and Five).

The United States proposes to prove the following factors as justifying a sentence of death with regard to Counts Four and Five as specified below:

1. The Defendant THEODORE BLAND was 18 years of age or older at the time of the offenses (18 U.S.C. § 3591(a)).

2. The government proposes to prove the following intent factors enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D) in justifying a sentence of death:

   a. THEODORE BLAND intentionally killed the victims J.S. and E.W. (18 U.S.C. § 3591(a)(2)(A));

   b. THEODORE BLAND intentionally inflicted serious bodily injury that resulted in

1

the death of the victims J.S. and E.W. (18 U.S.C. § 3591(a)(2)(B));

    c.   THEODORE BLAND intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victims J.S. and E.W. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

    d.   THEODORE BLAND intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant in the offense, such that participation in the act constituted a reckless disregard for human life and the victims J.S. and E.W. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

3.   The government proposes to prove the following statutory aggravating factors enumerated under 18 U.S.C. § 3592(c) in justifying a sentence of death:

    a.   THEODORE BLAND was previously convicted of a Federal or State offense, punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm against another person. (18 U.S.C. § 3592(c)(2));

    b.   THEODORE BLAND committed the offense in Count Four in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6));

    c.   THEODORE BLAND committed the offenses in Counts Four and Five in the expectation of the receipt of anything of pecuniary value (18 U.S.C. § 3592(c)(8)).

2

    d.  THEODORE BLAND intentionally killed more than one person in a single

        criminal episode (18 U.S.C. § 3592(c)(16)).

Dated at Burlington, in the District of Vermont, November 18, 2025.

                      Respectfully submitted,

                      UNITED STATES OF AMERICA

                      MICHAEL P. DRESCHER
                      First Assistant United States Attorney

                      JONATHAN A. OPHARDT
                      Assistant United States Attorney
                      Chief, Criminal Division

By:    /s/ *Jason Turner*

                      Jason Turner
                      Assistant United States Attorney
                      P.O. Box 570
                      Burlington, VT 05402-0570
                      (802) 951-6725